IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30511
Summary Calendar
_____

JAMES CARDEC,

                                        Petitioner-Appellant,

versus

ED C. DAY, Warden; RICHARD IEYOUB,
Attorney General, State of Louisiana,

                                        Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-1572-N
- - - - - - - - - -

March 10, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    James Cardec, a Louisiana prisoner (# 109107), appeals the
district court's denial of his petition for writ of habeas
corpus, filed pursuant to 28 U.S.C. § 2254.  Cardec argues that
his rights under the Double Jeopardy Clause were violated when he
was convicted of manslaughter and an underlying felony,
aggravated burglary, when he had initially been charged with
first-degree murder.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Whether different statutes punish the same offense is determined by the standard announced in <u>Blockburger v. United States</u>, 284 U.S. 299 (1932). <u>Brown v. Ohio</u>, 432 U.S. 161, 166 (1977). The Double Jeopardy Clause prohibits prosecution for both a felony-murder and the underlying felony. <u>Harris v. Oklahoma</u>, 433 U.S. 682, 682-83 (1977).

Because Cardec pleaded guilty to manslaughter and aggravated burglary, and because he does not challenge the voluntariness of that plea, he may prevail only if the face of the indictments or state-court record establishes that his convictions violate double jeopardy. <u>Broce v. United States</u>, 488 U.S. 563, 574-75 (1989). The state trial court rejected Cardec's double-jeopardy challenge because "the evidence necessary to prove the additional charge of aggravated burglary was not the same evidence needed to convict [Cardec] of manslaughter." Neither the indictments nor the record on appeal affirmatively show that Cardec was subjected to a double-jeopardy violation. Cardec cannot show that the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" <u>See</u> 28 U.S.C. § 2254(d)(1). Accordingly, the district court's judgment is AFFIRMED.